77

Argued and submitted April 15, affirmed October 5, 1981

In the Matter of the Compensation of
Jimmy Faulk, Claimant.

INDEPENDENT MOTOR TRANSPORT et al,
*Petitioners,*

*v.*

FAULK et al,
*Respondents.*

(Nos. 77-3712 & 74-4505, CA 19344)

634 P2d 470

Margaret H. Leek Leiberan, Portland, argued the cause for petitioners. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Peter E. Baer, Gresham, waived appearance for respondent Jimmy Faulk.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, argued the cause for respondents Master Chemical Corporation and State Accident Insurance Fund Corporation. With him on the brief were K. R. Maloney, General Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund Corporation, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This workers' compensation case involves an appeal by Independent Motor Transport (IMT) and its workers' compensation carrier, Employee Benefits Insurance Company (EBI), from an order of the Workers' Compensation Board (Board) affirming and adopting a hearings referee's finding that IMT and EBI were responsible for payment of compensation benefits arising out of an injury sustained by claimant in 1973. The issues raised on appeal are: (1) did the Board have jurisdiction under ORS 656.307 to join claimant's previous employer, Master Chemical Corporation (MCC), and its compensation carrier, State Accident Insurance Fund (SAIF), as parties to the present action and err in not doing so; and (2) which employer and carrier are responsible for payment of compensation for claimant's present condition.

Because we determine that claimant suffered a new injury in 1973 while employed by IMT, we need not determine if MCC and SAIF should or could have been joined in the proceeding.

On January 10, 1971, claimant slipped and fell on his buttock during the course of his employment with MCC. In January, 1972, by a determination order, claimant was awarded five percent unscheduled disability as a result of the fall. On March 28, 1973, while employed by IMT, claimant fell on his hip. He required medical treatment for pain in his low back and neck. Claimant filed claims with SAIF and EBI and requested a hearing pursuant to ORS 656.307 to determine which carrier was responsible for compensation for the 1973 injury, i.e., whether it was an aggravation of the 1971 injury or a new injury.

The proceeding pursuant to ORS 656.307 was dismissed on claimant's motion after EBI accepted responsibility for the 1973 injury. All parties were notified of the dismissal, but no appeal was taken from the order. After the appeal time had run, there followed a protracted series of proceedings focused on EBI's request to join MCC and SAIF in any hearing to determine the extent of claimant's injury. Ultimately, the referee ruled that the Workers' Compensation Board did not have jurisdiction to join SAIF

or MCC in the extent of disability hearing and that IMT and EBI were responsible for the 1973 injury.

Most of the proceedings in the case and the arguments on appeal concern the issue of whether the Board had jurisdiction to join SAIF and MCC in the proceeding. MCC and SAIF would be responsible for compensation only if claimant's present condition were an aggravation of his 1971 injury. If the 1973 injury is a new injury, IMT and EBI are responsible, and it is immaterial whether MCC and SAIF were parties to the proceeding.

Whether claimant's disability is the result of an aggravation or a new injury is a question of fact. After *de novo* review of the extensive record, we conclude claimant's disability is the result of a new injury suffered while employed by IMT.

Affirmed.